**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-2222
_____

ULUOCHA N. AMAECHI,
Appellant

v.

DISTRICT COUNCIL 89, American Federation of State, County and Municipal
Employees, AFL-CIO; MELISSA WILLIAMS; DONNA ENRICO; ANTHONY REDA
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 1:21-cv-01177)
Magistrate Judge Martin C. Carlson (by consent)
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
August 1, 2024

Before: JORDAN, PHIPPS, and NYGAARD, <u>Circuit Judges</u>

(Opinion filed: August 6, 2024)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Uluocha Amaechi filed suit under 42 U.S.C. § 1983, initially against the Commonwealth of Pennsylvania, his former employer, and the American Federation of State, County, and Municipal Employees ("AFSCME"), his former union, raising claims arising from the termination of his employment and the grievance proceedings and other events leading up to it.[1] Amaechi twice amended his complaint in response to AFSCME's motions to dismiss. He substituted three individuals—his former supervisor Melissa Williams, her superior Donna Enrico, and human resources representative Anthony Reda—for the Commonwealth as defendants, and he clarified that he sought relief for violations of his First and Fourteenth Amendment rights. The Commonwealth defendants filed a motion to dismiss, as did AFSCME again. The District Court granted both motions, dismissing all federal claims for failure to state a claim upon which relief can be granted and declining to exercise jurisdiction over any state law claims. Amaechi appeals.

We have jurisdiction pursuant to 28 U.S.C. § 1291.[2] We exercise plenary review

---

[1] Because we write primarily for the parties, who are familiar with the facts, we will discuss the details only as necessary to our analysis.

[2] We stayed this appeal pending a decision in Prater v. Pennsylvania Department of Corrections, C.A. No. 19-1732, Vaughn v. Imohoff, C.A. No. 20-2254, and Vaughan v. Albion SCI, C.A. No. 20-2897, because, like those cases, it raised a question whether the Magistrate Judge, who presided under 28 U.S.C. § 636(c)(1), had the consent of all the parties as required under that provision and, thus, authority to dismiss the second amended complaint. And our jurisdiction over this appeal turned on the answer to that question. See Burton v. Schamp, 25 F.4th 198, 205 (3d Cir. 2022) (explaining that we do not have jurisdiction to review a magistrate judge's order if the requirements of § 636(c)(1) are not satisfied). After those three appeals were decided, see Prater v. Dep't of Corr., 76 F.4th 184 (3d Cir. 2023), we lifted the stay and asked the parties to address how

2

over an order dismissing a complaint for failure to state a claim. See St. Luke's Health Network, Inc. v. Lancaster Gen. Hosp., 967 F.3d 295, 299 (3d Cir. 2020). We may affirm on any basis supported by the record. See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

Upon review, we will affirm the District Court's judgment. The District Court properly granted AFSCME's motion to dismiss Amaechi's federal constitutional claims against it because the union is not a "state actor" for the purposes of § 1983. See Leshko v. Servis, 423 F.3d 337, 339 (3d Cir. 2005) ("[T]o state a claim of liability under § 1983, [the plaintiff] must allege that [he] was deprived of a federal constitutional or statutory right by a state actor."); see also Ciambriello v. Cnty. of Nassau, 292 F.3d 307, 323 (2d Cir. 2002) (recognizing that labor unions generally are not state actors); Jackson v. Temple Univ., 721 F.2d 931, 933 (3d Cir. 1983) (affirming grant of summary judgment where public-sector union's refusal to bring plaintiff's grievance to arbitration was not action under color of law). While anyone can act "under color of state law" for purposes

---

the decision in Prater, Vaughn, and Vaughan affects this appeal, if at all. See 3d Cir. Doc. No. 27. Upon review of the decision, we conclude that we have jurisdiction over this appeal. We agree with the Commonwealth defendants and AFSCME that all defendants either explicitly or implicitly consented to the Magistrate Judge's jurisdiction before he entered a final order. Amaechi, the Commonwealth, and AFSCME, the parties at the time the consent form was signed, explicitly consented to the Magistrate Judge's jurisdiction. See ECF No. 15. And, because the later-added parties were represented by the same counsel as the Commonwealth, the Pennsylvania Office of Attorney General, we can infer their voluntary consent to the Magistrate Judge's jurisdiction. See Prater, 76 F.4th at 199. As Amaechi points out, there does not seem to be an entry of appearance on the docket from someone from the Office of Attorney General on behalf of Reda. However, the Office of Attorney General filed the motion to dismiss (and the related reply brief) on his behalf. See ECF Nos. 41, 42, & 47.

of § 1983 by participating in a joint conspiracy with a state actor, see Abbott v. Latshaw, 164 F.3d 141, 147-48 (3d Cir. 1998), and the Commonwealth defendants are indisputably state actors, the District Court correctly determined that Amaechi's allegations of a conspiracy between AFSCME and the Commonwealth defendants did not rise above the level of bare assertions, which are insufficient to state such a claim.[3] See Great W. Mining, 615 F.3d at 175-76. And, in any event, as we will explain, Amaechi did not allege a cognizable violation of his rights by the Commonwealth defendants. Cf. Dykes v. SEPTA, 68 F.3d 1564, 1570 (3d Cir. 1995) (not reaching the issue of conspiracy when

---

[3] Amaechi alleged that AFSCME "worked in concert with and[/]or on behalf of the Commonwealth," when it "misrepresented" the administrative grievance he filed in opposition to his termination, "intentionally misguided" him during the grievance process, "provided the Commonwealth Defendant(s) with false information regarding [his] grievance[,] and decided not to submit [his] grievance to arbitration," after his termination. ECF No. 35. But, as the District Court concluded, see ECF No. 51 at 12-13, the conclusory allegation that AFSCME "worked in concert" with the Commonwealth is not supported by the necessary specific facts establishing an agreement between the non-state and state actors. Cf. D.R. by L.R. v. Middle Bucks Area Vocational Tech. Sch., 972 F.2d 1364, 1377 (3d Cir. 1992) (en banc) (affirming a dismissal of a conspiracy claim under 42 U.S.C. § 1985 because of a failure "to assert any facts from which any type of conspiratorial agreement . . . can be inferred"). The facts Amaechi pleaded do not allow a plausible inference that AFSCME conspired with the Commonwealth to deprive Amaechi of his rights to free speech and due process. See Great W. Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 178 (3d Cir. 2010) ("[T]o properly plead an unconstitutional conspiracy, a plaintiff must assert facts from which a conspiratorial agreement can be inferred."). On the contrary, the correspondence that Amaechi attached to and referenced in his complaint details numerous occasions between December 2020 and June 2021 when AFSCME encouraged Amaechi to exercise his rights by providing the "damaging information against management" that he claimed to possess and any other documentation to support his grievance. ECF No. 33-3 at 8-9, 14; see also Pension Ben. Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196-97 (3d Cir. 1993) (explaining that exhibits attached to a complaint and relied upon by a plaintiff are properly considered in ruling on a motion to dismiss).

4

the litigant failed to allege a cognizable violation of his rights).

The District Court properly granted the Commonwealth defendants' motion to dismiss because Amaechi did not plead facts sufficient to support a claim for a deprivation of his due process rights.[4] "Where an adequate grievance/arbitration procedure is in place and is followed, a plaintiff has received the due process to which he is entitled under the Fourteenth Amendment." Dykes, 68 F.3d at 1565. Amaechi did not make claims that put the grievance/arbitration procedure in question; he asserted only that the individual defendants made misrepresentations in his performance reviews, "publicly demeaned" him prior to termination, and included false claims in responding to his grievance. ECF No. 35 at 16-17. Accordingly, Amaechi did not allege a denial of due process. See Dykes, 68 F.3d at 1571 ("[A] public employer['s] grievance and arbitration procedures . . . satisfy due process requirements 'even if the hearing conducted by the Employer . . . [was] inherently biased.'" (citation omitted)). Plus, Amaechi had a state remedy available to him that he did not pursue. See id. at 1571-72 (citing, inter alia, 43

---

[4] Amaechi's second amended complaint seemingly sought relief from these defendants on Fourteenth Amendment grounds only. See ECF No. 35 at 16-17. Among the predominant due process claims, discussed herein, was a single reference to differential treatment on the basis of race or national origin. Id. at 15 (¶ 73). This lone sentence in the complaint failed to state a claim because it lacked any factual support identifying similarly situated individuals outside the protected class treated differently. See Ashcroft v. Iqbal, 556 U.S. 662, 680-81 (2009) (holding that an allegation that conduct was motivated "solely on account of [his] religion, race, and/or national origin" was conclusory and "not entitled to be assumed true"). Moreover, we agree with the District Court that, to the extent that Amaechi intended to include a First Amendment claim against the Commonwealth defendants, he failed to state a claim for relief. See ECF No. 53 at 12-14.

Pa. Cons. Stat. § 1101.101 et seq., and explaining that, "if a public employee believes that the grievance process was defective, he may seek relief available under state law"); <u>see also</u> <u>Alvin v. Suzuki</u>, 227 F.3d 107, 116 (3d Cir. 2000) (distinguishing the requirement that a plaintiff use available state processes before alleging a federal due process claim from "exhaustion requirements that exist in other contexts").

Finally, under the circumstances, including the fact that Amaechi had already twice amended his complaint, the District Court did not abuse its discretion in concluding that further amendment would be futile.[5]  See <u>Grayson v. Mayview State Hosp.</u>, 293 F.3d 103, 108 (3d Cir. 2002).

For these reasons, we will affirm the District Court's judgment.

---

[5] To the extent that Amaechi pleaded any state law claims, the District Court did not abuse its discretion in declining to exercise supplemental jurisdiction over them after dismissing the claims under federal law.  See <u>Figueroa v. Buccaneer Hotel, Inc.</u>, 188 F.3d 172, 181 (3d Cir. 1999).